IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JADEN BANISTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **JURY TRIAL DEMANDED** |
| CITY OF CHICAGO, ZACHARY J. NEGRETE, & DANIEL J. SZALKO, JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES Plaintiff, JADEN BANISTER, by and through his counsels, MELINDA POWER and SUSAN RITACCA, complaining of the Defendants CITY OF CHICAGO and Chicago Police officers ZACHARY J. NEGRETE and DANIEL SZALKO, and JOHN DOES 1, 2, and 3 to hold Defendants accountable for the false arrest, unjustified use of excessive force against Plaintiff while attending a rally in the wake of the murder of George Floyd and malicious prosecution. In support, Plaintiff BANISTER alleges as follows:

### INTRODUCTION

1. Like many cities around the country, especially those with histories of police misconduct, protests erupted in Chicago in response to the murder of George Floyd by Minneapolis police in May 2020.

2. Chicago Police officers NEGRETE and SZALKO and other unknown JOHN DOES police officers falsely arrested and assaulted Plaintiff BANISTER, a peaceful protester, who posed no threat to anyone.

3. As a result, Plaintiff was held in custody for many hours, forced to post bond and to attend court.

4. Further, Plaintiff was bruised, bloodied, caused pain and duress as a result of the Defendants' actions.

## PARTIES

5. Plaintiff JADEN BANISTER is an Illinois resident who lives in Crest Hill. At all times relevant to this Complaint, Plaintiff was attending a peaceful assembly in the exercise of his First Amendment right.

6. Defendant ZACHARY J. NEGRETE is a Chicago Police officer who committed the acts set forth below as an agent of Defendant CITY OF CHICAGO. NEGRETE engaged in the conduct complained of in the course and scope of his employment and under color of law.

7. Defendant DANIEL SZALKO is a Chicago Police officer who committed the acts set forth below as an agent of Defendant CITY OF CHICAGO. SZALKO engaged in the conduct complained of in the course and scope of his employment and under color of law.

8. Defendants JOHN DOE 1, JOHN DOE 2 and JOHN DOE 3 are Chicago Police Officers who committed the acts set forth below as agents of the City of Chicago. JOHN DOES 1, 2 and 3 engaged in the conduct complained of in the court and scope of their employment and under color of law.

9. Defendant CITY OF CHICAGO ("City" or "Chicago") is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Officers NEGRETE and SZALKO and JOHN DOES 1, 11 and 111.

## JURISDICTION AND VENUE

10. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

11. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and Defendant City of Chicago is a municipal corporation located here. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## FACTS

12. On May 30, 2020, around 5:30 P.M., protesters gathered on State and Van Buren streets, located in downtown Chicago.

13. At all times relevant in this Complaint, Plaintiff was present at the protest to peacefully observe and exercise his First Amendment rights.

14. Plaintiff followed the crowd northbound on State street towards Washington Avenue where he continued participating in the rally.

15. At or around 8:00 P.M., Plaintiff was on State and Washington Avenue when Chicago Police offers issued an order to disperse.

16. While Plaintiff was lawfully complying with the order to disperse, Defendants NEGRETE, SZALKO and/or JOHN DOES 1, 2 and 3 assaulted him by hitting him on the head three times with batons, and striking him about the arms, chest, legs, and jaw.

17. As a result of the actions of NEGRETE, SZALKO and JOHN DOES 1, 2 and 3, Plaintiff suffered immediate physical injury and pain, including but not limited to a dislocated jaw, bleeding, bruising, confusion, and blurred vision.

18. During all of the events described herein, Plaintiff stood at an appropriate distance from the police officers, including officers NEGRETE, SZALKO, and JOHN DOES 1, 2 and 3, posed no threat to the officers, and did not interfere or attempt to interfere with the officers' actions.

19. At all relevant time periods, defendants City of Chicago police officers were acting under color of law and within the scope of their employment with defendant City of Chicago.

20. Neither Defendants NEGRETE. SZALKO, and JOHN DOES 1, 2 and 3, nor any other police officer gave a warning that they were about to use physical force on Plaintiff before it

was used.

21. At the time physical force was used on Plaintiff, he was retreating along with the crowd.

22. Plaintiff suffered pain, bruising and injury as a result of the Chicago Police defendants use of force against him.

23. Defendants NEGRETE and/or SZALKO took Plaintiff into custody and arrested him despite the fact that he was breaking no law.

24. As a result of the arrest, BANISTER was transported in custody to the Chicago police station where Defendants charged him with Disorderly Conduct.

25. While in custody, BANISTER was attacked by a man sharing the holding cell who grabbed him and threw him headfirst into the cell toilet.

26. Plaintiff was held in custody for approximately 18 hours before being released on Bond which limited his freedom of movement.

27. Plaintiff suffered increased pain, suffering and loss of sleep that night and the following day and for days to come, which interfered with his ability to work and his daily activities.

28. The Plaintiff appeared in court on August 13, 2020 where the case against him was dismissed.

## COUNT I
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983

29. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

30. As described in the preceding paragraphs, the conduct of the Defendants NEGRETE, SZALKO and JOHN DOES 1, 2 and 3 towards Plaintiff constituted excessive force in violation of the United States Constitution when they hit Plaintiff on the head three times with

batons, and struck him about the arms, chest, legs, and jaw.

31. The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and/or reckless indifference to the rights of Plaintiff.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of this action and attorney fees from Defendant Chicago police officers; in addition, Plaintiff demands punitive damages against Defendants NEGRETE, SZALKO and JOHN DOES 1, 2 and 3 since they acted willfully, wantonly and/or in reckless disregard of Plaintiff's rights and whatever additional relief this Honorable Court deems equitable and just.

## COUNT II
## FALSE ARREST AND IMPRISONMENT IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983

32. Plaintiff realleges paragraphs 1-31 with the same force and effect as if fully set forth herein.

33. The actions and conduct of Defendants, as set forth above, in falsely arresting Plaintiff on May 30, 2020 under color of law and without probable cause violated his Fourth Amendment right to be free from unreasonable seizure and Defendants NEGRETE, SZALKO should be held liable for doing so pursuant to 42 U.S.C. § 1983.

34. The actions and conduct of Defendants, as set forth above, were the direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights and caused him emotional distress, fear, anguish, humiliation and loss of liberty as set forth more fully above.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendants acted out of malice and/or in reckless disregard of his rights and whatever additional relief the Court deems equitable and just.

## COUNT III
## STATE MALICIOUS PROSECUTION

35. Plaintiff realleges paragraphs 1-34 with the same force and effect as if fully set forth herein.

36. Defendant officers arrested Plaintiff without probable cause and then provided false statements and drafted false and incomplete reports against Plaintiff; they maliciously caused criminal charges to be brought against Plaintiff.

37. Defendants brought these charges for improper purposes, including to cover up their false arrest of and use of excessive force against Plaintiff.

38. The criminal charge against Plaintiff was disposed of in a manner indicative of Plaintiff's innocence, since the charge was dismissed.

39. Plaintiff sustained injuries as a result, including the loss of his liberty and interference with his employment.

**WHEREFORE**, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendant Officers acted out of malice and/or and in reckless disregard of his rights and whatever additional relief the Court deems equitable and just.

## COUNT IV
## PENDENT STATE CLAIM FOR BATTERY

40. Plaintiff realleges paragraphs 1 – 39 with the same force and effect as if fully set forth herein.

41. The acts of Defendant Chicago police officers in hitting Plaintiff on the head three times with batons, and striking him about the arms, chest, legs, and jaw were performed in a willful and wanton manner.

42. Defendants' actions were affirmative and caused unpermitted physical conduct of a harmful and/or offensive nature, to which Plaintiff did not consent, and thus constitute battery under the laws of the State of Illinois.

43. Defendants NEGRETE, SZALKO and JOHN DOES 1, 2 and 3s' actions were the cause of the physical pain suffered by Plaintiff.

WHEREFORE, Plaintiff demands actual or compensatory damages plus the costs of the action and attorneys' fees; in addition, he demands punitive damages because Defendants acted willfully and wantonly in disregard of his rights and whatever additional relief the Court deems equitable and just.

### COUNT V
### CLAIM AGAINST DEFENDANT CITY OF CHICAGO
### IN VIOLATION OF 745 ILCS 10/9-102

44. Plaintiff realleges paragraphs 1 – 43 with the same force and effect as if fully set forth herein.

45. Defendant City of Chicago was the employer of Defendants NEGRETE, SZALKO and JOHN DOES 1, 2 and 3 at all times relevant to the complaint.

46. Defendants committed the acts alleged above under color of law and in the scope of their employment as employee of the City of Chicago.

WHEREFORE, Plaintiff, pursuant to 745 ILCS 10/9-102, demands judgment against the City of Chicago in the amount awarded to him against Defendants as damages, attorneys' fees, costs and interest and/or for any settlement entered into between him and Defendants and for whatever additional relief the Court deems equitable and just.

- 8 -

PLAINTIFF DEMANDS TRIAL BY A JURY.

Dated: _____

Submitted by:

| | |
|---|---|
| /s/ Melinda Power | /s/Susan Ritacca |
| Melinda Power | Susan Ritacca Law Office |
| West Town Community Law Office | 601 S California Ave |
| 2502 W. Division, Chicago, Illinois 60622 | Chicago, Il 60612 |
| Tel: 773/278-6706 Fax: 773/278-0635 | T: 872-222-6960 / F: 872-228-9463 |
| Melindapower1@gmail.com | susan@susanritaccalaw.com |